CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 5 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID CRAWLEY,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE HINKLE, et al.,<br><br>    Defendants. | )<br>)<br>)<br>) Civil Action No. 7:14cv00300<br>)<br>)<br>) By:  Michael F. Urbanski<br>)      United States District Judge<br>)<br>) |

## MEMORANDUM OPINION

Pro se plaintiff David Crawley brings this action pursuant to 42 U.S.C. § 1983, alleging a violation of various constitutional rights. Crawley's allegations stem from a November 5, 2013 search of his cell by defendants S. Isbell and M. Sturgill, during which two cups containing pills and crushed up medication were discovered, leading to disciplinary action for possession of unauthorized medication. Defendants moved for summary judgment, Crawley responded, and this matter was referred to United States Magistrate Judge Joel C. Hoppe for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B).

In a report and recommendation issued on July 17, 2015 (ECF No. 42), the magistrate judge recommended that the court grant defendants' motion for summary judgment as to Claims 1-3 and 5-9, grant plaintiff David Crawley's motion to voluntarily dismiss Claim 4, and deny Crawley's motion to amend his complaint as futile. The report gave notice to the parties that they had fourteen days within which to file any objections. On July 29, 2015, Crawley filed a motion for extension of time to respond to the report and recommendation. By Order entered the same date, the magistrate judge enlarged the time for objections until August 10, 2015. Two days after the

expiration of the enlarged deadline, Crawley filed objections to the report (ECF No. 46), as well as a "Motion for Spoliation of Evidence" (ECF No. 47).

Given the fact that Crawley is proceeding pro se, the court will consider his late-filed objections to the magistrate judge's report but will **OVERRULE** them, **ADOPT** the report and recommendation in its entirety, and **DISMISS** this case for the reasons set forth below.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498

2

F. App'x 268 (4th Cir. 2012) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

## II.

Crawley asserts in his objections that that the alleged pills were never in his cell, that defendants S. Isbell and M. Sturgill fabricated the evidence used to convict him at the disciplinary hearing, and that M. Sturgill filed the false charge against him in retaliation for Crawley "beating a prior offense." Crawley further argues that the alleged pills were never tested, in violation of his due process rights, and that S. Isbell and M. Sturgill's actions led to the discontinuation of plaintiff's mental health medication, in violation of his Eighth Amendment rights. See ECF No. 46. These arguments are the same arguments previously raised by Crawley, which were addressed in detail by the magistrate judge in his report. To the extent that Crawley seeks reconsideration of his entire case, his objection is a general one and does not satisfy the requirements of Rule 72(b) and 28 U.S.C. § 636(b)(1)(C). See Moon, 742 F. Supp. 2d at 829 (citing Veney, 539 F. Supp. 2d at 845).

There are a few of the magistrate judge's findings to which Crawley specifically takes issue, however. Crawley faults the magistrate judge for misinterpreting his claim: "The magistrate interpretation of plaintiff case suggest plaintiff claim involve being wrongly or falsely accused, which is far from the truth. Plaintiff claim are that S. Isbell and M. Sturgill arbitrarily fabricated and manufactured evidence against plaintiff . . . ." ECF No. 46, at 4. The report and recommendation makes clear, however, that the magistrate judge properly interpreted and analyzed Crawley's claim that defendants S. Isbell and M. Sturgill fabricated evidence against him. See ECF No. 42, at 8 (addressing Crawley's allegation that "Isbell and Sturgill planted the pills in Crawley's cell and filed a false drug-possession charge against him."); id. at 9-10 (analyzing Crawley's claim that the evidence against him was fabricated). As the magistrate judge correctly held, Crawley's unsupported

3

allegations and speculation of fabrication, see White v. Wright, 150 F. App'x 193, 199 (4th Cir. 2005), cannot survive summary judgment.

Likewise, the magistrate judge correctly determined that Crawley received all the process he was due under Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974), and Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985). Crawley argues in his objections that the sworn testimony of inmate Juaning Williams from cell A-308 and Officer Sexton would prove that defendant S. Isbell was not carrying any cups in his hands when he left Crawley's cell on the morning in question. But Crawley had the opportunity to call witnesses at his disciplinary hearing and, in fact, was assigned a staff advisor to assist him in doing so. ECF No. 3, at 11; see also id. at 4. Crawley requested Correctional Officer Sexton appear as a witness, asserting: "He can verify on the day in question 11/5/13, I was in the shower when the report officer [Sturgill] and witness Isbell searched my cell, because he had to wait on C/O Isbell to assist him in removing me from the shower." ECF No. 3, at 19. Crawley's request was deemed to be relevant to his offense and the following statement was obtained from C/O Sexton: "I was in the pod & you were in the shower when C/O Isbell and C/O Sturgill was in your cell." ECF No. 3, at 20. This statement was read into the record at the disciplinary hearing; C/O Sexton was also present. ECF No. 3, at 12. C/O Sexton's statement confirms that Crawley was in the shower at the time of the search, as he alleges. It does not prove, however, that the evidence against Crawley was fabricated. In any event, Crawley was given the opportunity to call witnesses in his defense at his disciplinary proceedings and, in fact, took advantage of that opportunity by obtaining a witness statement from C/O Sexton. See Wolff, 418 U.S. at 566.

Crawley continues to argue, as he did during his disciplinary hearing, at the disciplinary appeal level and before the magistrate judge, that he is entitled to testing of the physical evidence to confirm its identity. He is not. "Prison disciplinary proceedings are not part of a criminal

4

prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. The magistrate judge correctly held that Crawley has no constitutional right to chemical analysis showing the substance was, in fact, a drug and, contrary to Crawley's recent assertions, Division Operating Procedure 861.1(IX)(C)(9) does not require testing of any physical evidence.[1]

The magistrate judge noted in his report that Crawley admitted the pills recovered from his cell were medication of some sort. See ECF No. 42, at 11; ECF No. 3, at 13 ("Offender Crawley stated that [t]he medication could have been Tylenol or Advil."). Crawley claims he only did so because the defendants' "failure to follow protocol" and test the alleged substance "compelled plaintiff to argue the possibility of its identity." ECF No. 46, at 4. Crawley also takes issue with the magistrate judge's finding that Crawley had an opportunity during the disciplinary process to personally examine the confiscated substance and does not dispute that he did so.[2] See ECF No. 42, at 10-11; ECF No. 46, at 6. It is clear from Crawley's filing that his objections to these and other findings by the magistrate judge center around his fervent contention "that there weren't any pills recovered from his cell—A-310." ECF No. 46, at 6. As previously stated, Crawley's unsupported allegations of fabrication cannot carry the day.

Finally, the court will address the issue of the surveillance video footage. As the magistrate judge details in his report, see ECF No. 42, at 3 n.1, Crawley takes the position that defendant S. Isbell searched his cell alone on the morning in question, allowing Isbell to plant pills so that defendant M. Sturgill could file a charge against Crawley. See ECF No. 13, at ¶¶ 2-3; ECF No. 36, at 2. Defendants assert that S. Isbell and M. Sturgill searched Crawley's cell together, per prison

---

[1] DOP 861.1(IX)(C)(9) states that any physical evidence and its disposition should be included in a disciplinary offense report. In this case, the disciplinary offense report contained a description of the physical evidence—namely, "numerous pills and crushed up medication in two cups." ECF No. 26-2, Ex. A.
[2] Records indicate that the confiscated items were presented to Crawley during the disciplinary hearing and Crawley stated that he did not recognize them. See ECF No. 3, at 12.

5

policy. See, e.g., ECF No. 26-1, at ¶ 4. Crawley asked the court to order production of the surveillance video of his housing unit between the hours of 6:30 a.m. and 8:00 a.m. on November 5, 2013. In support of that request, Crawley pointed to what appears to be an unsigned response to his January 3, 2014 informal complaint requesting the surveillance video footage. This response states: "Per Policy Video Surveillance must be granted by Court of Law. UM J. Collins 3/26/14 bh." ECF No. 36, at 3. The magistrate judge granted Crawley's motion to compel and ordered production of the surveillance video. ECF No. 40. Defendants responded by stating Wallens Ridge does not have the requested video. ECF No. 41, at 4-5. They offer an affidavit from B. Sturgill, Electronics Technician Senior at Wallens Ridge (and no relation to defendant M. Sturgill), who attests that the DVR continuously records footage from the pod's security camera for approximately 30-45 days before it begins to overwrite with new footage. ECF No. 41-1. The magistrate judge considered this failure to produce the evidence and ultimately concluded that, in this case, the issue of whether defendant Isbell was alone in Crawley's cell does not matter because Crawley had not produced admissible evidence that Isbell had planted drugs in his cell. ECF No. 42, at 3 n.1.

Crawley now asserts that, in addition to showing Isbell searched plaintiff's cell alone, the surveillance video would have shown that Isbell exited Crawley's cell without any cups of pills that morning. See ECF No. 46, at 3; ECF No. 47-1, at 3. Crawley offers no evidence aside from his own self-serving statement to suggest that the surveillance footage would have shown S. Isbell leaving Crawley's cell without cups in hand and corroborated Crawley's assertion that there were no pills in his cell on November 5, 2013. It is worth noting that Crawley's arguments as regards the need for this surveillance footage are somewhat inconsistent. On one hand he argues the video would prove that defendant S. Isbell searched Crawley's cell alone and thus had an opportunity to "plant some pill form substance while conducting an illegal search." ECF No. 13, at ¶¶ 2-3. On the

6

other, Crawley contends that the video would prove that S. Isbell left his cell that morning without any cups of pills in hand.

Crawley filed a "Motion for Spoliation of Evidence," ECF No. 47, arguing defendants' reason for failing to produce the video—because it was only available for 30 to 45 days from November 5, 2013— is "bogus." In an affidavit provided by defendants, Unit Manager J. Collins asserts that he reviewed the November 5, 2013 video footage from A-3 pod at some point but does not remember when he did so. ECF No. 41-2. He says he found nothing on the video to be conclusive as it related to Crawley's charge and thus did not request that the video be retained. Id. Crawley points to Collins' March 26, 2014 response to Crawley's request for the video, in which Collins stated surveillance video would only be produced pursuant to court order, see ECF No. 36, at 3, and insists this must mean that Collins reviewed the video more than 45 days after November 5, 2013, proving defendants are lying and the evidence has been intentionally destroyed. But Collins asserts he does not remember when his review of the video took place and the court declines Crawley's invitation to speculate about the timing. Collins may very well have reviewed the video within 45 days of November 5, 2013 and concluded the video was not relevant to Crawley's charge. According to defendants, the video would have already been overwritten with new footage as of January 3, 2014, the date of Crawley's request via informal complaint that the video be preserved. There is no evidence that Crawley requested a copy of the surveillance footage within 45 days of November 5, 2013.

Although review of surveillance footage from the date in question might have proved helpful in adjudicating this case, it is not essential. There is no credible suggestion that the video would corroborate Crawley's unsupported allegation and speculation that defendants S. Isbell and M. Sturgill fabricated the evidence against him. Crawley's allegation that the drug charges were unfounded and that he was falsely accused does not amount to a per se violation of a

7

constitutionally protected right or a stand-alone violation of § 1983. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986); Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984); see also Wolff v. McDonnell, 418 U.S. 539, 558 (1974). At the end of the day, the disciplinary proceedings afforded Crawley all due process to which he is entitled, and evidence supports the decision of the hearing officer. See Freeman, 808 F.2d at 954-55.

### III.

As such, the court will **OVERRULE** Crawley's objections, **ADOPT** the report and recommendation (ECF No. 42) in its entirety, **GRANT** defendants' motion for summary judgment (ECF No. 25) as to Claims 1-3 and 5-9, **GRANT** Crawley's motion to voluntarily dismiss Claim 4 against W.R. Hensley (ECF No. 30); **DENY** Crawley's motion to amend his complaint to add an Eighth Amendment claim against defendants M. Sturgill and Isbell (ECF No. 30); **DENY** Crawley's motion for spoliation of evidence (ECF No. 47), and **DISMISS** this case.

An appropriate Order will be entered.

Entered: August 25, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge